UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN H. NEWMAN, JR.,

                                      Petitioner,                      9:21-CV-0632
                                                                                                                 (DNH/CFH)

      v.

THE PEOPLE OF THE STATE OF NEW YORK,

                                      Respondent.

---

APPEARANCES:

JOHN H. NEWMAN
Petitioner, pro se
Binghamton, NY 13901

DAVID N. HURD
United States District Judge

# DECISION and ORDER

Pro se petitioner John Newman ("Newman" or "petitioner") seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner has also submitted an application to proceed in forma pauperis ("IFP") as well as a motion for court-appointed counsel. Dkt. No. 2, IFP Application; Dkt. No. 3, Motion.[1]

To commence a habeas corpus action, a petitioner must pay the court's filing fee or

---

[1] Petitioner included a case number on his IFP Application; however, that case number corresponds to his presently pending civil rights action. *See Newman v. SUNY Broome Community College, et al*, No. 3:21-CV-0199 (MAD/ML). Petitioner's IFP Application has already been granted in that action. *Id.*, Dkt. No. 4. Further, the habeas petition is an unrelated proceeding and, for the reasons outlined below, requires either a properly certified IFP application or statutory filing fee for proper commencement. Accordingly, the Court presumed that petitioner intended the filing to serve as his attempt to properly commence the instant action, despite the case number he included in the caption.

submit a properly certified application to proceed *in forma pauperis* ("IFP Application").[2] Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); *see also* Rule 1(b), Habeas Rules (stating that the Habeas Rules may be applied "to a habeas petition not covered by Rule 1(a).").

A proper IFP application includes a signature or certification by an appropriate prison official attesting to petitioner's balance, and average balance, in any account in petitioner's name at his or her facility. Rule 3(a)(2), Habeas Rules (requiring a motion and affidavit, per 28 U.S.C. § 1915 which includes "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."); *see also* Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R.") 5.4(b)(1)(A). Local Rule 5.4 further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.4(b)(2)(A).

Newman has filed an affidavit which he created. *See* IFP Application at 1. It does not include all of the information required for the Court to make a determination on petitioner's financial eligibility. Furthermore, petitioner does not provide any type of account certification.

Notably, however, petitioner has been released from incarceration and is on parole. *See* http://nysdoccslookup.doccs.ny.gov/ (inmate lookup "John H. Newman") (last visited June 8, 2021). Therefore, he cannot receive a certification by an appropriate prison

---

[2] The proper filing fee for a habeas corpus petition is $5.00. 28 U.S.C. § 1914(a).

official. Instead, the Advisory Notes to Rule 3 states that "[i]f the petitioner is on probation or parole, the court might want to require a certificate from the supervising officer. Petitions by persons on probation or parole are not numerous enough, however to justify making [a] special provision for this situation in the text of the rule."

Accordingly, as suggested by the Habeas Rules, petitioner is directed to either file a properly certified IFP application or remit the statutory filing fee, as outlined below.

Therefore, it is

ORDERED that

1. Petitioner must, **within thirty (30) days** of the filing date of this Decision and Order, either (1) pay the five dollar ($5.00) filing fee in full, or (2) submit an IFP application which has been completed and signed by him and which has been certified by his probation officer or another appropriate supervising probation official;

2. In the event petitioner fails to timely comply with the filing fee requirements set forth in this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case;

3. Upon petitioner's compliance with this Decision and Order, the file shall be returned to the Court for further review;

4. The Clerk shall respectfully serve a copy of this Decision and Order on petitioner along with a blank IFP application and a second copy of this Decision and Order for his use in requesting that the certification section of his IFP application be completed, signed, and returned to him by his probation officer or an appropriate probation official, so that he may submit it to this Court; and

3

5.  Petitioner's motion for appointment of counsel, Dkt. No. 3, will be considered by the Court after petitioner has complied with this Order and properly commenced the action.

IT IS SO ORDERED.

_____
United States District Judge

Dated: June 15, 2021
       Utica, New York.