**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JOHN H. NEWMAN, JR.,

                  Petitioner,

    v.                              No. 9:21-CV-0632 (DNH/PJE)

TINA STANFORD, Chairwoman,
Board of Parole,

                  Respondent.

---

**APPEARANCES:**                          **OF COUNSEL:**

John H. Newman, Jr.
100 Roberts Street
Building 7, Apartment 3
Binghamton, New York 13901
Petitioner pro se

Attorney General for the                PAUL B. LYONS, ESQ.
State of New York                         Assistant Attorney General
28 Liberty Street
New York, New York 10005

**PAUL J. EVANGELISTA
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER[1]

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Presently before the undersigned is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner pro se John H. Newman, Jr. ("petitioner"). *See* Dkt. No. 1. In 2006, following a jury trial in Broome County Court, petitioner was convicted of Sexual Abuse in the First Degree, in violation of N.Y. Penal Law §130.65(3). He was sentenced to ten years' probation and six months in jail. *See* Dkt. No. 1 at 1; State Court Record ("SR") at 39. In 2008, while petitioner was still on probation, a Broome County grand jury charged him with two counts of Rape in the Third Degree, in violation of N.Y. Penal Law §130.65, and one count of Criminal Sexual Act in the Third Degree, in violation of N.Y. Penal Law §130.40(2). *See* N.Y. Penal Law § 130.40(2) *repealed by* L.2023, c. 777, § 1, eff. Sept. 1, 2024.

> In 2009, the day before trial, petitioner pled guilty to the entire indictment and a probation violation. He was sentenced to concurrent terms of 2-1/2 years in prison plus 10 years of post-release supervision on each of the indicted charges, as well as a consecutive term of 3 years in prison plus 3 years of post-release supervision on the probation violation.

Dkt. No. 15 at 4-5 (citing *Newman*, 99 A.D. at 1108,[2] Dkt. No. 1 at 2; SR 38-39). His maximum custodial sentence expired on August 9, 2013. Dkt. No. 15 at 5 (citing SR at 39).

Petitioner seeks a modification of his 2013 Sex Offender Registration Act risk level, which was determined pursuant to N.Y. Correction Law § 168-o(2), to be a risk level three. *See* Dkt. No. 1. Petitioner states that "[t]his is his fourth modification petition for a reduction of his level," and requests this Court to: (1) "forward a copy of this petition to the board of examiners of sex offenders, and request that the board

---

[2] It appears respondent intended to cite *People v. Newman*, 99 A.D.3d 1107 (N.Y. App. Div. 3d Dep't, 2012).

provide an updated SORA[3] recommendation"; (2) once the Board provides an updated recommendation, "provide a copy to the petitioner and the prosecution and the public defender's office who the petitioner is requesting represent him in this matter and notify all parties of the date for the hearing"; (3) hold a hearing "on any facts in dispute in this petition"; and (4) order that his sex offender risk level be reduced to level one. Dkt. No. 1 at 4-5. Petitioner indicates that he is seeking relief pursuant to 28 U.S.C. § 2254 because "the state courts have declined their opportunity to address his modification requests by not timely conducting hearings in the last three motions" he has filed with the State Court. *Id.* at 3, 4. He further contends that "[t]he state has forfeited their rounds of judicial remedies by refusing this Petitioner his right to be heard for the purposes of modification." *Id*. at 4. For the reasons that follow, it is recommended that the petition be dismissed.

I. **Background**

Petitioner is a predicate sex offender who was convicted on August 24, 2009, by guilty plea, of two counts of Rape in the Third Degree, N.Y. Penal Law § 130.65, and one count of Criminal Sexual Act in the Third Degree, N.Y. Penal Law § 130.40(2). He was sentenced in Broome County (Cawley, J.) to concurrent terms of two-and-a-half years in prison plus ten years of post-release supervision on each charge, as well as a consecutive term of three years in prison plus three years of post-release supervision on the probation violation. *See* Dkt. No. 1 at 2; SR 38-39. His initial maximum custodial sentence expired on August 9, 2013. *See* Dkt. No. 15 at 5 (citing State Record ("SR") at 39). On May 9, 2013, pursuant to N.Y. Corr. Law § 168, Board Examiner Mark Osborne

---

[3] Sex Offender Registration Act ("SORA").

prepared a Board of Examiners of Sex Offenders Report (the "Report"). *See* Dkt. No. 17-1 at 2; Dkt. No. 17-1, SR at 2. The Report recommended a final risk level score of three and a designation of a predicate sex offender. *See id.* at 2. On July 16, 2013, the matter of a Rating Pursuant to Correction Law §169-d came before Judge Joseph F. Cawley for a hearing. Following an appearance by petitioner, his counsel, and a representative of the District Attorney's Office, petitioner waived his right to a hearing. *See* Dkt. No. 17-1 at 6. Judge Cawley determined that pursuant to N.Y. Correction Law § 168-d(3), petitioner was a predicate sex offender and further ordered that petitioner be rated at a risk level three. *See id.* at 2-3, 4-11.

Newman was initially released on his maximum custodial date to parole for post-release supervision on August 9, 2013. *See* Dkt. No. 17-1 at 39. Petitioner violated parole three times, returning to DOCCS after each violation. Specifically, Newman violated parole and was returned to DOCCS on April 1, 2014, was released on January 12, 2017, violated and was returned to DOCCS a second time on November 6, 2017, was released on February 13, 2019, violated a third time, and returned to DOCCS on April 18, 2019, and was released on October 22, 2020. *See id.* at 39; Dkt. No. 1 at 2. "Petitioner's entire sentence, including post-release supervision, expires in 2024." Dkt. No. 15 at 5 n.1.

Respondent provides that, following petitioner's 2019 letters submitted to Broome County Court requesting that his risk level be reduced to a level 2,

> [o]n July 5, 2019, Broome County Court Judge Joseph F. Cawley requested an updated recommendation from the BOE regarding petitioner's risk level. (SR 34-37). On August 23, 2019, the BOE recommended that petitioner's risk level not be reduced because, among other reasons: petitioner had violated his parole conditions and had been remanded to prison in 2014, 2017, and 2019; he had engaged in serious misconduct while incarcerated

4

> during that period; and he had not completed sex offender treatment while in prison. (SR 38-42).  The Broome County Clerk's Office has no record of the court holding a hearing or issuing a final order in connection with this 2019 motion.  However, a subsequent letter from the BOE stated that the 2019 motion had been denied.  (SR 64).

Dkt. No. 15 at 6-7.  On July 6, 2020, petitioner

> [f]iled a formal modification motion dated July 6, 2020, seeking a reduction to level 1.  Petitioner enclosed proof that he had completed substance abuse and sex offender treatment programs. (SR 48-61).  On July 23, 2020, Judge Cawley requested an updated recommendation from the BOE.  (SR 63).  On September 11, 2020, the BOE 'strongly opposed' a reduction in risk level, observing that petitioner: had a history of reoffending sexually while under supervision and serving his sentence for a prior sex crime; and had difficulty complying with community supervision, as evidenced by his repeat parole violations.  (SR 64-68).  Judge Cawley, however, did not immediately schedule a hearing to adjudicate petitioner's motion, apparently due to the COVID-19 pandemic.  (See SR 100).
>
> Finally, petitioner filed a modification motion dated April 19, 2021, which largely repeated the claims from his 2020 motion, but added proof that he had completed certain educational programs.  (SR 69-99).  Judge Cawley responded in a letter to petitioner dated September 1, 2021, which enclosed the BOE's September 11, 2020 recommendations and scheduled a modification hearing for October 1, 2021.  (SR 100-05).

Dkt. No. 15 at 7-8.

On September 29, 2021, petitioner "was charged in Binghamton City Court with violating SORA by, among other things, operating several 'internet identifiers' without first notifying the relevant authorities, a class E felony."  Dkt. No. 15 at 8; Dkt. No. 17-1 at 119-20, 125-26.  Due to the pending felony charge, on October 4, 2021, petitioner's counsel sought and obtained an adjournment of the modification hearing, which was eventually rescheduled to January 4, 2022.[4]  See Dkt. No. 15 at 8.  At the time of the filing of this petition, petitioner was in Broome County Jail "awaiting (1) a trial on the

---

[4]  The Court has not been informed whether that hearing was held or, if so, the result of that hearing.

5

SORA felony charge; and (2) adjudication on the related violation of his parole conditions." *Id.*

Newman attests that he filed numerous modification motions with Broome County Court in 2016, 2019, 2020, and 2021. *See* Dkt. No. 1 at 2-3. He asserts that Broome County Court declined to address his motions. *See id.* In support of his claims, Newman attaches several handwritten letters and typed "petitions." *See* Dkt. Nos. 1-1 at 29-30, 32, 34, 38, 45.[5]

Petitioner contends that he brings this habeas corpus petition "pursuant to correction law § 168-o(2), seeking a modification of this petitioner[']s 2013 sex offender registration act risk level which is a Level 3. Petitioner[] request[s] to be found to be a sex offender risk level 1, that is, a low risk of re-offense." Dkt. No. 1 at 3. Further, petitioner explains that he is seeking habeas corpus relief in "federal court because the state courts had declined their opportunity for state remedy and not providing this petition are his right to a timely hearing in the last three motions that he has filed with [state] Court." *Id.* at 3-4 ¶¶ 13-14.

Respondent, Tina Stanford, Chairwoman Board of Parole ("Respondent") opposes the petition, arguing that it fails to state a claim upon which relief can be granted. *See* Dkt. No. 16 at 2 ¶5. Specifically, respondent alleges that petitioner's requested relief – "that this Court hold a hearing to determine his appropriate risk level under state law" – is not cognizable on habeas review "because it concerns solely an issue of state law." Dkt. No. 15 at 9-10. Respondent argues that even if this Court were

---

[5] Respondent states that Broome County Clerk's Office "has no record" of two of petitioner's attachments, which petitioner alleges he filed with Broome County Court in 2016 requesting his sex offender risk level be lowered, nor "any response to petitioner's letters, such that respondent cannot determine whether the county court addressed petitioner's 2016 motion." Dkt. No. 15 at 6.

6

to "very liberally construe" the petition as alleging a due process violation based on delay in the state court's consideration of petitioner's requests for risk level modification hearings, that claim should be denied as unexhausted because petitioner never raised it in state court, and petitioner has not established that attempting to exhaust in state court would be futile "as the county court has scheduled a risk-level modification hearing for January 4, 2022, the day after the instant filing." *Id.* at 10-11.

Next, respondent asserts that because the Supreme Court of the United States has never opined on whether due process rights can be violated by a delay in SORA proceedings, no clearly-established Supreme Court law exists, and habeas relief cannot be granted in its absence. *See* Dkt. No. 15 at 11-12. Finally, respondent contends that even if, *arguendo*, the claim was governed by the Supreme Court's case law on speedy-trial violations, the claim should be denied as either meritless or moot. *See id.* at 12-16. Respondent notes that the delay in addressing petitioner's 2020 and 2021 petitions for modification was not "particularly long, under the circumstances," the state court's "resolution of the motion appears to be imminent, and petitioner has not alleged, much less established, that any delay has prejudiced his case." *Id.* at 12. On the issue of prejudice, as to the 2020 and 2021 modification hearing request delays, respondent notes that (1) petitioner did not allege that he was unable to prepare for his modification hearing due to the delay, and (2) because petitioner had been incarcerated since his September 29, 2021, arrest, "the subsequent hearing adjournments have not affected his liberty interests, as a reduction in risk level would not in any event benefit him while he is in jail." *Id.* at 14.

II.    **Discussion**

A. **Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner bears the burden of proving, by a preponderance of the evidence, that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003); *see Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (concluding that a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Rodriguez v. Att'y Gen.*, No. 10 CIV. 3868 PGG JLC, 2011 WL 519591, at *4 (S.D.N.Y. Feb. 15, 2011), *report and recommendation adopted*, No. 10 CIV. 3868 PGG, 2011 WL 3875328 (S.D.N.Y. Sept. 2, 2011).

> "It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002). Pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas court, when considering a claim that was decided on the merits in a state court proceeding, may grant relief only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or" (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

*Miller v. LeClair*, No. 20-CV-1546 (JS), 2024 WL 1797341, at *4 (E.D.N.Y. Apr. 25, 2024).

B. **Analysis**

Petitioner's claims relating to the delay in the scheduling of his SORA risk level modification petition and his request for this Court to hold such hearing are not cognizable under Section 2254. "Section 2254 authorizes a federal court to grant a writ

8

only where a state holds a petitioner in its custody in violation of 'the Constitution or laws or treaties of the United States.'" *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) (quoting 28 U.S.C. § 2254(a) (2006); then citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); and then citing *Howard v. Walker*, 406 F.3d 114, 121 (2d Cir. 2005)).

> Thus, in order to be cognizable in federal court, a state prisoner's habeas claim typically must "call into question the lawfulness of [his] conviction or confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Petitioner does not assert such a challenge. He makes no reference to the fact of his conviction or the length of his sentence. Rather, he alleges that the state court's delay in hearing his habeas petition violates his due process rights and right of access to the courts.

*Green v. Rodriguez*, No. 3:19-CV-1051 (CSH), 2019 WL 13521117, at *1 (D. Conn. Oct. 3, 2019); *see also Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) ("Alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief. Word's claim of a procedural right to a state post-conviction proceeding does not implicate federal law."). "The Supreme Court has 'stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Bentley v. McCarthy*, No. 6:21-CV-06038 EAW, 2024 WL 3163409, at *6 (W.D.N.Y. June 24, 2024) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) and then quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (additional internal quotation marks omitted)).[6]

As a threshold issue, petitioner's contention that the state court ignored his modification requests is not entirely accurate. The scheduling of petitioner's risk level modification hearing was delayed due to the COVID-19 pandemic, then scheduled for October 1, 2021, but was adjourned, at his counsel's request, due to his September 29,

---

[6] Unless otherwise noted, the Court has provided petitioner pro se with copies of any unpublished cases cited herein.

2021, arrest, rescheduled for December 10, 2021, adjourned again and rescheduled for January 4, 2022.  See Dkt. No. 15 at 7-8, 15.  Thus, it does not appear that the state court ignored his requests; rather, the hearing was not immediately scheduled and then rescheduled for the above-discussed reasons.

Second, petitioner is not attempting to challenge his underlying criminal conviction or convictions on his parole/SORA violations.  Rather, he states that he brought this habeas corpus action as an avenue through which to proceed with his risk level modification hearing because the state court "refus[ed] . . . his right to be heard for purposes of modification."  Dkt. No. 1 at 4 ¶14.  Because petitioner does not "call into question the lawfulness of [his] conviction or confinement," he has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254; *see Bentley*, 2024 WL 3163409, at *6 (dismissing habeas petition as noncognizable under 28 U.S.C. § 2254(a) where the petitioner "cited three New York State cases and two subsections of Corr. Law § 168 but cited no federal or constitutional law," challenged the denial of his SORA risk level modification petition, "focused solely on [state court judge] Cohen's allegedly erroneous weighing of the evidence," and alleged that the state court judge abused his discretion in denying a downward modification, concluding that the petition involved a matter "solely concern[ing] state law" and "no questions of federal constitutional magnitude."); *see also Green v. Rodriguez*, No. 3:19-CV-1051 (CSH), 2019 WL 13521117, at *1 (D. Conn. Oct. 3, 2019) (concluding that the habeas corpus petition was non-cognizable under §2254 where the petitioner was complaining of the state court's delay in addressing his state habeas petition and alleging that the delay deprived him of due process and access to

the courts). Thus, the petition is non-cognizable under § 2254, as will be discussed in greater detail below.

In reviewing whether a petition relating to a delay in review of a state habeas petition was cognizable under § 2254, the District of Connecticut looked at cases in other Circuits.[7]

> In *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), the Third Circuit addressed whether a state court's delay of four years in processing a petition for collateral relief under Pennsylvania's Post Conviction Relief Act constituted a due process violation cognizable in a § 2254 proceeding. *Id*. at 415. The Third Circuit rejected the claim, holding that "[e]ven if such a delay constitutes a due process violation . . . . a delay in a collateral proceeding can[not] be the basis of a petition for a writ of habeas corpus." *Id*. at 417. Similarly, in *Montgomery v. Meloy*, the Seventh Circuit held that "delay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief," reasoning that "[n]o constitutional provision or federal law entitles [petitioner] to any state collateral review . . . let alone prompt collateral review." 90 F.3d at 1206. The Tenth Circuit reached the same conclusion in *United States v. Dago*, 441 F.3d 1238 (10th Cir. 2006) in the context of a district court's seven-and-a-half year delay in denying a petition for collateral relief: "a delay in post-conviction proceedings does not give rise to an independent due process claim that would justify granting a defendant habeas relief." *Id.* at 1248. Likewise, in *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), the Ninth Circuit affirmed dismissal of federal habeas corpus petition alleging that a state court's delay in deciding the petitioner's request for state post-conviction relief violated his due process rights because "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Id.* at 26.

*Green*, 2019 WL 13521117, at *2.

SORA modification and the related requirements for sex offender registration are considered a "collateral consequence of a criminal conviction." SORA Overview, Handling a Criminal Case in New York § 23:77; *see also* 36A Carmody-Wait 2d § 207:156, Intermediate Appellate Review of defendant's certification or classification

---

[7] The undersigned recognizes that the delay here is with respect to a SORA risk level hearing, not a state habeas petition, but finds these cases instructive, as will be detailed below.

under Sex Offender Registration Act, Tracy Bateman, J.D., et al. (indicating that SORA registration and notification requires are "a collateral consequence of a conviction for a sex offense designed not to punish, but rather to protect the public."). Although a SORA modification hearing is "civil in nature," *People v. Mingo*, 12 N.Y.3d 563,571, 883 N.Y.S.2d 154, 910 N.E.2d 983 (N.Y. 2009), the logic applied to cases finding "that access to the court claims arising out of state post-conviction proceedings are . . . not cognizable under Section 2254" applies equally to petitioner's timeliness concerns relating to his SORA modification proceeding, a "collateral consequence of a conviction."[8] 36A Carmody-Wait 2d § 207:156; *Green*, 2019 WL 13521117, at *2 (citing cases). Like in *Greene*, petitioner's claims, even if interpreted with significant solicitude as alleging that delay denied him due process, because petitioner seeks solely to review an alleged error of state law, and he has no federal right to a SORA risk-level modification hearing, any perceived error relating to the delay in that proceeding is not cognizable under section 2254. *See id.* at *1 ("[T]he Second Circuit has squarely held that 'alleged errors in a post-conviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for relief.'") (quoting *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) (citing cases)).

Here, as it would appear petitioner had other avenues to challenge the delay in the scheduling of his modification hearing, even if this Court liberally interpreted his petition as seeking to raise a due process claim, such delay is not a "denial of due process sufficient to justify granting petitioner habeas relief." *Dago*, 441 F.3d at 1249 ("

---

[8] The undersigned was able to find no case addressing a similar fact pattern to this one, where a petitioner was seeking to challenge a delay (or even the determination) in a SORA risk level modification proceeding.

We also hold that the district court's seven-and-a-half-year delay in denying Dago's § 2255 petition does not amount to a denial of due process sufficient to justify granting Dago habeas relief."); *see Green*, 2019 WL 13521117, at *1 ("Consequently, 'a due process challenge to New York's collateral post-conviction proceedings[ ] does not state a claim that is cognizable under federal habeas review.'") (quoting *Word*, 648 F.3d at 131) (additional internal quotation marks omitted)).

The undersigned further agrees with respondent that petitioner has failed to show that he exhausted his claim as he had not demonstrated that he brought the issue of the delay before the state courts.  *See* Dkt. No. 15 at 3, 9-10; 28 U.S.C. § 2254(b)(1)(A).

> An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court, a requirement excused only if "there is an absence of available State corrective process" or where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(A), (B)(i), (ii). "The exhaustion requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]'" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)).
>
> To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). In other words, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

*Hughes v. Sheahan*, 312 F. Supp. 3d 306, 318 (N.D.N.Y. 2018).  Petitioner appears to have been able to seek relief in the state courts through a writ of mandamus pursuant to

an Article 78 proceeding under the New York Civil Practice Law, and, potentially, could have sought civil damages under 42 U.S.C. § 1983 should he have wished to raise any claim regarding a denial of due process.[9]  *See generally Tatta v. Miller*, No. 05-CV-1205 (FB/MG), 2005 WL 2806236, at *1 (E.D.N.Y. Oct. 27, 2005) (noting the petitioner fully exhausted his state court remedies by seeking a writ of mandamus pursuant to Article 78 of the CPLR, appealing to the Appellate Division, and seeking leave to appeal to the N.Y.S. Court of Appeals).  Thus, as petitioner appears to have been able to pursue an Article 78 proceeding, petitioner has not shown that there was an "absence of available State corrective process."  *Hughes*, 312 F. Supp. 3d at 318.

Further, it appears likely that the petition may be moot as respondent indicated that petitioner had a risk level modification hearing scheduled for January 4, 2022, it is likely that such hearing occurred, and it is possible that petitioner has had additional modification hearings between then and the entry date of this Report-Recommendation & Order.  *See, e.g.*, *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotations and citations omitted); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *Arthur v. DHS/ICE*, 713 F. Supp.2d 179, 2010 WL 1983075, at *2 (W.D.N.Y. May 14, 2010) (holding that the petitioner's release from administrative custody, which was the only remedy sought through the habeas petition, rendered the petition moot).  Accordingly,

---

[9] The undersigned makes no assessment as to whether petitioner would have been able to successfully proceed with such actions or claims.

for the reasons discussed herein, the undersigned recommends that the petition be dismissed.

## IV. Conclusion

Wherefore, for the reasons set forth above, it is hereby

**RECOMMENDED**, that the petition for writ of habeas corpus, Dkt. No. 1, be **DISMISSED** for failure to assert a cognizable claim under 28 U.S.C. § 2254; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, a certificate of appealability not issue, *see* 28 U.S.C. § 2253(c)(2); and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[10]

---

[10] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  *Id.* § 6(a)(1)(c).

Dated: September 30, 2025
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge