UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN H. NEWMAN, JR.

                Petitioner,

        -v-                         9:21-CV-632

TINA STANFORD, Chairwoman,
Board of Parole

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                         OF COUNSEL:

JOHN H. NEWMAN, JR.
Petitioner, *Pro Se*
100 Roberts St
Building #7, Apartment #3
Binghamton, NY 13901

HON. LETITIA A. JAMES           PAUL B. LYONS
Attorney for Respondent           Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## **ORDER ON REPORT & RECOMMENDATION**

On June 1, 2021, petitioner John H. Newman, Jr. ("petitioner") filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 ("§ 2254").  Dkt. No. 1.  Broadly stated, petitioner seeks a risk modification hearing as to his 2013 Sex Offender Registration Act ("SORA") risk level determination[1], where he was determined to be a risk level three pursuant to New York Correction Law.  *Id*.; *see also* N.Y. CORRECT. LAW § 168-o(2).  Petitioner further requests that the Court: (1) forward his habeas petition to the Board of Examiners of Sex Offenders, along with a request that the Board update his their recommendation as to this SORA risk level; (2) that the Board, upon having updating the recommendation, send a copy of the recommendation to petitioner, the prosecution, and the public defender's office[2]; (3) hold a hearing, and notify all parties as to its date and time, to address any disputed facts in the petition; and (4) order petitioner's SORA risk level be reduced from level three to level one.  Dkt. No. 1.

---

[1] In 2008, petitioner was charged in Broome County with two counts of Rape in the Third Degree, in violation of New York Penal Law § 130.65 and one count of Criminal Sexual Act in the Third Degree in violation of New York Penal Law § 130.40(2).  Dkt. No. 1.  Petitioner pled guilty to the entire indictment one day before his scheduled trial and was sentenced to concurrent terms of two and a half years in prison as well as ten years of post-release supervision on each charge.  *Id*; *see also People v. Newman*, 99 A.D.3d 1107, 1108 (2012).  Petitioner was also sentenced to a consecutive term of three years in prison plus three years of post-release supervision as he was indicted while on probation.  *Id*.

[2] The petitioner also requests that the Public Defender' Office represent him in this matter.

Petitioner, in moving for § 2254 relief, argues that New York state courts have "declined their opportunity to address his modification requests by not timely conducting hearings" in response to three prior petitions he filed in state court. *Id*. Petitioner contends that "[t]he state has forfeited their rounds of judicial remedies by refusing this Petitioner his right to be heard for the purposes of modification." *Id*.

On January 3, 2022, Tina Stanford, Chairwoman of the Board of Parole ("Respondent") opposed the petition, filed an answer, and filed petitioner's state court records. Dkt. Nos. 15–17. Respondent contends the relief petitioner seeks is not cognizable under § 2254 as it solely pertains to matters of state law. Dkt. No. 15. Respondent further argues that: (1) insofar as petitioner asserts his due process rights were violated by state court as to petitioner's three prior requests for SORA risk level modification hearings, petitioner never raised such a claim in state court; (2) because the Supreme Court has not directly opined as to whether due process rights can be violated by a delay in SORA proceedings, no clear precedent exists and thus habeas relief cannot be granted; and (3) even if petitioner's unconstitutional delay claims were governed by Supreme Court precedent on speedy trial violations, it should be nevertheless be denied as either meritless or moot. *Id*.

On September 30, 2025, U.S. Magistrate Judge issued a Report & Recommendation[3] ("R&R) advising that petitioner's writ of habeas corpus should be dismissed for failure to assert a cognizable claim and that, if the R&R is adopted, that a certificate of appealability not issue pursuant to 28 U.S.C. § 2253(c)(2) as petitioner has failed to make a substantial showing of the denial of a constitutional right.  Dkt. No. 21.  In support of his recommendation, Judge Evangelista first advised that petitioner's contention that the state court had ignored his modification requests was not fully accurate, instead finding that a hearing was scheduled before the court before being re-scheduled on multiple occasions, including at the request of petitioner's own counsel and due to COVID-19, and thus was not merely ignored.  *Id*.

Judge Evangelista further advised that petitioner does not challenge his underlying conviction or any convictions stemming from parole or SORA violations, instead using § 2254 to proceed to his SORA risk level modification hearing after being refused by the state court.  Dkt. No. 21.  But Judge Evangelista advised that by not challenging the conviction itself, petitioner fails to demonstrate he is "in custody in violation of the Constitution or laws or treaties of the United States" required by § 2254.  *Id*.

---

[3] This matter was referred to Judge Evangelista for an R&R pursuant to 28 U.S.C. § 636 and N.D.N.Y. L.R. 72.3(c).

Judge Evangelista thus recommended that petitioner's claims, even when interpreted with significant solicitude and construing delays in granting petitioner's hearing as a due process violation, still solely seek review of an alleged error of state law. *Id.*

Accordingly, Judge Evangelista advised that there is no federal right to the modification hearing petitioner seeks, and thus, his claim is not cognizable under § 2254. Dkt. No. 21. Judge Evangelista also noted that the petition may actually be moot as respondent's opposition indicated petitioner had a risk level hearing scheduled for January 4, 2022, which very well may have occurred. *Id.*; *see also* Dkt. No. 15. Thus, Judge Evangelista advised that the relief petitioner seeks may very well have been granted, making this matter moot. *Id.* Finally, Judge Evangelista recommended that, if the R&R is to be adopted, a certificate of appealability should not issue pursuant to 28 U.S.C. § 2253(c)(2). *Id.*

Petitioner has not lodged objections and the time period in which to do so has expired. *See* Dkt. No. 21. Upon review for clear error, Judge Evangelista's R&R will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 21) is ACCEPTED;

2. The petition for writ of habeas corpus (Dkt. No. 1) is DISMISSED for failure to assert a cognizable claim under § 2254; and

3. No certificate of appealability shall issue in this matter.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: October 23, 2025
       Utica, New York.